**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

    Plaintiff,

v.                                                         Case No. 17-13981

GREATER LAKES AMBULATORY
SURGICAL CENTER,

    Defendant.
_____/

**OPINION AND ORDER GRANTING PETITION TO COMPEL ARBITRATION**

Plaintiff State Farm Mutual Automobile Insurance Company petitions this court for an order compelling Defendant Greater Lakes Ambulatory Surgical Center to arbitrate claims for liquidated damages. (Dkt. ##1, 16.) Plaintiff avers that Defendant has violated the terms of a prior settlement agreement between the parties, and further alleges that the settlement agreement contained a mandatory arbitration provision. Before the court is Plaintiff's petition, Defendant's "Answer" to the petition (Dkt. #11), and Defendant's "Supplemental Brief in Support of Answer [to] Petitioner's Petition" (Dkt. #13.) As to this last document, Plaintiff has filed a reply. (Dkt. #14.)

Plaintiff also moved to file its settlement agreement and related documents under seal. (Dkt. #3.) Defendant filed no response. The court denied the motion, concluding that Plaintiff had not met its heavy burden to demonstrate that the documents should be filed under seal. (Dkt. #15.) It also, however, invited Plaintiff to file an amended, unredacted petition and a copy of its arbitration agreement with Defendant. Plaintiff has

done so. (Dkt. #16.) The removal of redacted material in Plaintiff's petition having made no material change to Plaintiff's factual assertions or argument, the court sees no reason for amended responses from Defendant. The court will construe Defendant's "Answer" and "Supplemental Brief" as responses to the amended petition. For the following reasons, the court will grant the petition to compel arbitration.

Before turning to the merits of Plaintiff's petition, the court will briefly address Plaintiff's argument that the court should disregard Defendant's submissions as "procedurally invalid and untimely." (Dkt. #14 Pg. ID 93.)

Some weeks after Plaintiff ostensibly served Defendant with a copy of the initial petition (*see* Dkt. #6), no attorney had yet appeared on Defendant's behalf. The court, noting that Plaintiff had been in contact with someone purporting to be Defendant's counsel, ordered Plaintiff to identify counsel and meet and confer regarding proposed briefing dates. (Dkt. #7.) The parties did so, Defendant's counsel entered an appearance, and the court set a briefing schedule. Before the set deadline to respond, Defendant entered an "Answer" to Plaintiff's petition, wherein it answered—as one does with an answer to a complaint—to each numbered paragraph in Plaintiff's petition.

The following day (still before the set deadline to respond to the petition), Defendant's counsel filed a stipulation and proposed order granting Defendant an extension of time to file a (presumably more detailed) response to the petition. The court struck the stipulation as improvidently filed. Under the Eastern District of Michigan's Electronic Filing Policies and Procedures,[1] parties must submit proposed orders directly

---

[1] Available at http://www.mied.uscourts.gov/PDFFIles/policies_procedures.pdf.

to the court via a link on ECF—they are not permitted to file proposed orders on the docket, as Defendant had done. *See* Rule 11(a).

Defendant never resubmitted the stipulation and proposed order. Plaintiff argues that Defendant's response (Dkt. #13), submitted after the set deadline, is therefore untimely. Moreover, according to Plaintiff, Defendant's timely-filed "Answer" is procedurally invalid because answers are permitted only in response to a complaint. The court need not address these procedural irregularities, however, because Plaintiff is nevertheless entitled to the relief it seeks in its petition.

Plaintiff petitions this court for an order compelling Defendant to engage in arbitration. Plaintiff credibly asserts that the parties entered a settlement agreement and that the terms of the settlement agreement include an arbitration provision.

Defendant, for its part, raises various arguments of dubious merit as to the enforceability of the contract as a whole. But it does not argue that it is not a party to the agreement, nor does it challenge the enforceability of the arbitration provision itself. Instead, Defendant argues that the agreement as a whole is not enforceable because Defendant's current controlling partner was "only a minority partner at the time of the agreement." (Dkt. #13 Pg. ID 88.) Defendant also posits that the agreement is unenforceable because it is unduly burdensome, results in unjust enrichment to Plaintiff, and limits access to medical treatment. (*Id.* at Pg. ID 90–91.)

But "[u]nless [a party's] challenge is to the arbitration clause itself, the issue of the contract's validity is considered by the arbitrator in the first instance." *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 445–46 (2006); *see also Knight v. Idea Buyer, LLC*, No. 17-3539, 2018 WL 580653, at *2 (6th Cir. Jan. 29, 2018) ("Because the

3

Plaintiffs have challenged the [agreement] as a whole, this challenge should therefore be considered by an arbitrator, not a court." (quotation omitted)). Defendant does not challenge the validity of the arbitration agreement. Defendant challenges the validity of the entire settlement agreement. That issue is properly presented to the arbitrator in the first instance, and is no bar to granting Plaintiff's petition here.

Finally, Defendant offers a cursory statement that Plaintiff did not provide proper notice of the petition. Even read generously, the court has difficulty parsing the basis for Defendant's assertion, which begins as follows: "A signature from any employee or represented of Petition is not exhibit as receiving proper notice or service." Defendant goes on to cite Michigan Court Rules governing service in Michigan courts. In the Sixth Circuit, "issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." *Meridia Prod. Liab. Litig. v. Abbott Laboratories*, 447 F.3d 861, 868 (6th Cir. 2006). The court will not, therefore, undertake some more comprehensive analysis of Plaintiff's service of the petition. At any rate, the purpose of service is to provide a party with notice of commencement of the case; Defendant, having appeared before the court and made numerous filings, has received sufficient notice in this action.

IT IS ORDERED that Plaintiff's Petition to Compel Arbitration (Dkt. #16) is GRANTED. There being nothing further for the court to consider in this case, this matter will be closed.

                                              s/Robert H. Cleland              /
                                              ROBERT H. CLELAND
                                              UNITED STATES DISTRICT JUDGE

Dated:  March 20, 2018

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 20, 2018, by electronic and/or ordinary mail.

<u>s/Lisa Wagner                    /</u>
Case Manager and Deputy Clerk
(810) 292-6522

S:\Cleland\KNP\Civil\17-13981.STATEFARM.arbitration.provision.KNP.docx